UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENSATIONS, INC., a Michigan
corporation, et al.,

       Plaintiffs,

                                CASE NO. 1:06-CV-300

v.

                                HON. ROBERT HOLMES BELL

CITY OF GRAND RAPIDS,
a Michigan municipal corporation,

       Defendant.
_____/

THE LITTLE RED BARN ADULT
THEATRE & BOOKSTORE, INC.,
a Michigan corporation,

       Plaintiff,

                                CASE NO. 4:06-CV-60

v.

                                HON. ROBERT HOLMES BELL

CITY OF GRAND RAPIDS,
a Michigan municipal corporation,
et al.,

       Defendants.
_____/

## OPINION

This is a consolidated case combining two separate actions brought under 42 U.S.C. § 1983, which challenge a City of Grand Rapids ordinance regulating sexually oriented businesses. The lead case, No. 1:06-cv-300, was filed by Plaintiffs Sensations, Inc. and Lady Godiva's Inc. (collectively, "Sensations") against Defendant City of Grand Rapids ("City").

The member case, No. 4:06-cv-60, was filed by Plaintiff Little Red Barn & Adult Theatre & Bookstore, Inc. ("Little Red Barn") against Defendant City of Grand Rapids and certain organizational and individual Defendants: Black Hills Citizens for a Better Community, Inc., Michigan Decency Action Council, Inc., Judy Rose and Dar Vander Ark (collectively, the "Non-City Defendants").  In an opinion issued October 23, 2006, the Court granted the motions of the City and the Non-City Defendants to dismiss the action for failure to state a claim (docket ##73, 74).  The matter presently is before the Court on the motion of the Non-City Defendants for attorney fees and costs pursuant to 42 U.S.C. § 1988, FED. R. CIV. P. 54, and W.D. MICH. LCIVR 54.1 (docket #79), together with Plaintiff Little Red Barn's motion to disallow such attorney fees and costs (docket #85).

## I.

A.     Entitlement to Attorney Fees

Pursuant to 42 U.S.C. § 1998, a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.*  The Supreme Court has held, however, that "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently."  *Smith v. Smythe-Cramer Co.*, 720 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)); *see also Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005).  "'[A] prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or

without foundation, even though not brought in subjective bad faith.'" *Wolfe*, 412 F.3d at 720 (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)) (internal quotations omitted) (emphasis in original). In determining whether to award fees, a district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Christiansburg*, 434 U.S. at 421-22.

In its complaint, Plaintiff Little Red Barn broadly alleged that the Non-City Defendants violated its constitutional rights by advocating for the Ordinance and by raising money to be used by the City to defend the Ordinance in the event of a constitutional challenge, such as those presently before this Court. Little Red Barn's complaint claimed that the conduct of the Non-City Defendants was taken by state actors[1] or that the conduct constituted a bribe under Michigan law.[2] Specifically, Plaintiff Little Red Barn claimed that,

---

[1]To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

[2]A violation of state law does not by itself state a claim under § 1983. *Smith*, 954 F.2d at 347-48; *Pyles*, 60 F.3d at 1215; *Sweeton*, 27 F.3d at 1166. Further, as Plaintiff admitted at oral argument, it failed to make any allegation of action that would constitute a bribe.

because the Non-City Defendants offered to raise the funds to pay the costs of anticipated litigation, they had engaged in a state function.

A private actor acts under color of state law when its conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Plaintiff alleges that the actions of the Non-City Defendants meet the public function test.

Under the public function test, "a private entity is said to be performing a public function if it is exercising powers traditionally reserved to the state, such as holding elections, taking private property under the eminent domain power, or operating a company-owned town." *Romanski v. Detroit Enter., L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005). The public function test has been interpreted narrowly. *Chapman v. Higbee Co.,* 319 F.3d 825, 833-34 (6th Cir. 2003). Only functions such as holding elections, *see Flagg Bros. v. Brooks*, 436 U.S. 149, 157-58 (1978), exercising eminent domain, *see Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352-53 (1974), and operating a company-owned town, *see Marsh v. Alabama*, 326 U.S. 501, 505-09 (1946), fall under this category of state action. *See also Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1457 (10th Cir. 1995); *White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979).

Here, the Non-City Defendants are not alleged to have exercised any power reserved to the state. Instead, they merely offered to raise money to pay the costs of litigation, should the City decide to adopt the Ordinance and be subjected to the anticipated lawsuit. The City delegated no power to the Non-City Defendants that those Defendants could be said to exercise. Instead, the City remained entirely free to determine whether to adopt the Ordinance. Plaintiff has never cited and this Court has never located any case that would support the argument that the Non-City Defendants operated as state actors. Nor do the facts of this case come close to the sort of circumstances found to constitute a public function in the extant case law. The claim made by in the complaint against the Non-city Defendants, therefore, was both unreasonable and frivolous.

In its post-argument supplemental brief, Little Red Barn asserted for the first time that the Non-City Defendants conspired with the City to deprive it of its constitutional rights. That claim, which was not made in the complaint, arguably was waived, inasmuch as Defendant made no attempt to amend the complaint. Moreover, as the Court stated in its opinion and order granting the motion to dismiss, Plaintiff Little Red Barn wholly failed to state a claim of conspiracy. A private person may be said to act "under color of state law" when that person conspires with state officials to violate the constitutional rights of others. *Tower v. Glover*, 467 U.S. 914, 920 (1984). To maintain a cause of action for conspiracy under 42 U.S.C. §§ 1983 or 1985(3), a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or

5

indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). The plaintiff further must demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), *cited in Doughty*, 118 F.3d at 825; *Johnson*, 40 F.3d at 839; *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996).

Plaintiff failed to allege any facts that would support the second prong of the test. As the Court held in its October 26, 2006 opinion, Plaintiff Little Red Barn articulated no class-based animus. *See Griffin*, 403 U.S. at 102. The Sixth Circuit expressly has held that sexually oriented business owners are not a suspect class under the Constitution. *See Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002).

Moreover, under the circumstances of this case, Plaintiff's sweeping and unfounded claim acts to chill citizens' exercise of their First Amendment right to petition government. Nothing Defendants are alleged to have done here was surreptitious or corrupt. Instead, the Non-City Defendants petitioned the government to adopt an ordinance they believed to be constitutional. The fact that, as citizens petitioning government, the Non-City Defendants persuaded the City to act cannot be construed as conspiracy to deprive Plaintiff of its rights. *See Page v. City of Rialto*, No. 88-5560, 1989 WL 1715 (9th Cir. Jan. 4, 1989) (rejecting

notion that citizen lobbying efforts and involvement in city-appointed task force that made recommendations to city to enact rent control ordinance was not conspiracy to deprive plaintiffs of their property rights without due process).  Moreover, as previously stated, the mere offer to raise the necessary funds to defend the ordinance does not convert these citizens' rights to petition into an unlawful conspiracy.

For all these reasons, the Court concludes that Plaintiff's claim against the Non-City Defendants was both unreasonable and frivolous.  As a result, the Non-City Defendants are entitled to an award of attorney fees under 42 U.S.C. § 1988.  *See Wolfe*, 412 F.3d at 720.

B.      Calculation of Attorney Fee Award

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court established the analytical framework for calculating statutory attorney fees.  In *Hensley*, the Court adopted the lodestar adjustment method, a method it has continued to recognize in more recent cases. *Id.*; *Blum v. Stenson*, 465 U.S. 886 (1984) (applying lodestar method and adopting marketplace model for determining reasonable hourly rates within that model); *Blanchard v. Bergeron*, 109 S. Ct. 939 (1989); *Burlington v. Dague*, 112 S. Ct. 2638 (1991).  The lodestar method is calculated by multiplying the number of hours reasonably expended by the prevailing market rate in the community for an attorney of that skill and expertise.  *See Dague*, 505 U.S. at 562.

In support of their application for attorney fees, the Non-City Defendants have submitted the declaration of attorney James Wierenga, averring the numbers of hours spent

by himself, associate Michael TerBeck and paralegal Jaclyn Schipper, as well as the reasonable hourly rates for each.  He also has itemized out-of-pocket expenses incurred for Westlaw research and access to the Court's electronic docketing system through PACER.  The Non-City Defendants also have attached the actual bills for attorney services, identifying each of the specific tasks performed by counsel during the period of representation.  Those documents, however, do not identify the precise fractions of hours expended by each attorney and paralegal for each task, though the affidavit does identify the total number of hours.

Plaintiff Little Red Barn does not dispute that the total number of hours submitted is reasonable.  It notes in passing, however, that total hours are not divided into increments for each task performed.

The courts routinely have noted that the applicant for fees bears the "burden of . . . documenting the appropriate hours expended" and must "submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 437.  The Non-City Defendants' submissions document the appropriate hours expended, but that documentation is less than precise.  Admittedly, the hours in total do not appear excessive, but the Court's review is somewhat hampered by the lack of detail in supporting documentation.  Nevertheless, Plaintiff's express admission of overall reasonableness does not amount to a well-supported challenge to the documentation provided.  *See Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) (holding that by failing "to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged . . . or the facts asserted in the affidavits submitted," the party opposing the fee

application waived both its right to an evidentiary hearing and its right on appeal to challenge the District Court's determination that hours were reasonable).

Upon review, the Court concludes that, although the total number of hours appears to be within the range of reasonable hours for the work completed in the litigation, the lack of specifics impairs the Court's ability to conduct its review. The Court therefore will reduce the number of hours requested for each attorney and paralegal by approximately 10%. *See Hensley*, 461 U.S. at 438 n.13 (approving percentage reduction of claimed hours for lack of sufficient specificity). Accordingly, the Court will order fees at the rates documented for the following number of hours: Mr. Wierenga, 40.5 hours (40.5 x $190 = $7,695); Mr. TerBeek, 20.25 hours (20 x $115 = $2,330); and Ms. Schipper, 17 hours (17 x 50 = $850).

Non-City Defendants also seek the award of costs for Westlaw research charges of $425.00 and PACER charges of $18.48. Plaintiff admits that the charges are reasonable, but it asserts that such charges may not be recovered because they are not allowable as costs under 28 U.S.C. § 1920.

Section 1988 has been interpreted by most courts to authorize the recovery of a broad range of litigation costs and expenses, including computer-assisted research charges, as part of the reasonable attorney fees awarded to the prevailing party. *See, e.g., Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 -1259 (9th Cir. 2006) (if ordinarily billed to clients separately, online research recoverable as part of attorney fees); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of*

9

*Albany*, 369 F.3d 91, 98 (2d Cir. 2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); *Invessys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 22 (1st Cir. 2004) ("[C]omputer-assisted research should be . . . reimbursed under attorney's fee statutes . . . so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257-58 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C.Cir.2004). *But see Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) (holding that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award").

Here, the fees for Westlaw research ($425) and PACER access ($18.48) were both separately charged and paid by the client, as is standard practice in the majority of jurisdictions, including this one. Accordingly, both are recoverable as part of statutory attorney fees.

## III.

For the foregoing reasons, the Non-City Defendants' motion for attorney fees and costs under 42 U.S.C. § 1988 is **GRANTED**, as modified by this opinion. Plaintiff Little

Red Barn's motion to disallow such fees and costs is **DENIED**.


Date:     March 21, 2007             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE